**Virginia FIFIELD, Plaintiff,**

v.

**Mary Jo BANE, as Commissioner of New York State Department of Social Services; and Richard F. Schauseil \*, as Acting Director of the Monroe County Department of Social Services, Defendants.**

**No. 91–CV–6197.**

United States District Court, W.D. New York.

Sept. 29, 1992.

---

* Defendants have been substituted pursuant to Fed.R.Civ.P. 25(d).

Paul M. Ryther, Bloomfield, NY, for plaintiff.

Carlos Rodriguez, Office of New York State Atty. Gen., James A. Robinson, Rochester, NY, for defendants.

## DECISION and ORDER

TELESCA, Chief Judge.

## INTRODUCTION

Plaintiff is a disabled individual. Represented by able counsel, she brings this action pursuant to 42 U.S.C. § 1983 alleging that her civil rights were violated when a county social services department reimbursed itself out of her award of back benefits in Supplemental Security Income for interim benefits paid to her by the county during an extended period of time for which the Social Security Administration had initially denied coverage. Plaintiff sues both the Director of the Monroe County Department of Social Services for having retained approximately 90% of the SSI back benefits award and the Director of the New York State Department of Social Services for having upheld the action of the county agency in a fair hearing.

The parties' cross-motions for judgment on the pleadings are presently before me. For the reasons discussed briefly below, plaintiff's motion is denied; defendants' motions are granted; and this action is dismissed.

## BACKGROUND

The factual background of this case is not seriously in dispute. The Monroe County Department of Social Services ("MC DSS") determined in 1973 that plaintiff was disabled and began paying her cash assistance as a disabled individual. Plaintiff automatically qualified to receive Supplemental Security Income benefits ("SSI") in 1974, without having to file a separate application, and she received SSI from January 1974 until October 1978. The Social Security Administration ("SSA") subsequently determined that, as of October 1978, plaintiff was no longer disabled. Plaintiff thereupon applied for assistance from MC DSS and received benefits under the Home Relief Program ("HRP") from November 1978 until April 1985. In 1978, 1984, and 1985, plaintiff signed agreements with MC DSS authorizing the agency's reimbursement for HRP benefits, which was to be taken out of any back award in SSI to which the SSA might ultimately determine that plaintiff was entitled.

Although plaintiff had never formally applied for SSI benefits, in 1985 she asked the SSA to re-review the 1978 discontinuation of her disability benefits. The SSA not only undertook such a review but also commenced SSI payments to the plaintiff pending completion of its review. Thus, plaintiff received HRP benefits from 1978 until 1985. According to the pleadings, throughout this nearly 20-year period of disability, plaintiff has not suffered so much as a month's interruption in benefits received.

In 1990, SSA determined that plaintiff was disabled, and therefore entitled to SSI, retroactive to October 1978. Accordingly in May 1990 the SSA remitted to MC DSS three checks totalling $25,200 in retroactive SSI benefits. Relying on the agreements which plaintiff had signed in 1974, 1984, and 1985 in consideration for its advancing disability benefits to her from November 1978 until April 1985, MC DSS reimbursed itself for that public assistance in the amount of $22,000, and remitted the balance to plaintiff.

Plaintiff timely requested a fair hearing before the New York State Department of

Social Services ("NY DSS") to contest MC DSS's action. Defendant Commissioner of NY DSS upheld the retention of funds by MC DSS, whereupon this action was commenced and plaintiff subsequently moved for judgment on the pleadings. Plaintiff so moves in reliance both upon 42 U.S.C. § 1383 which governs the procedure for payment of benefits, including § 1383(g) which governs reimbursement to states for interim assistance payments made to claimants, and upon the authorizations which she executed permitting reimbursement for interim benefits to the DSS out of any back benefits she might ultimately receive from SSI.

Both defendants have cross-moved for judgment on the pleadings. They argue that their actions accord with 42 U.S.C. § 1383. In addition, the state defendant argues that plaintiff's complaint is untimely; that the defendants in their official capacity are immune from suit under § 1983; and that plaintiff's complaint seeks inequitable relief.

## DISCUSSION

At oral argument of the motions, plaintiff's counsel frankly admitted that his client's claim rests upon a "crack" in the law: 42 U.S.C. § 1383(g), in the form effective at the time plaintiff executed the authorizations concerning reimbursement, authorized such reimbursement from SSI to a state or political subdivision thereof only for benefits such as "the Secretary [of Health and Human Services] has determined to be due with respect to the individual at the time the Secretary makes the first payment of benefits" and only covering a period "beginning with the month in which the individual files an application for the benefits...." 42 U.S.C. § 1383(g)(2), (3), as added, P.L. 93–368 § 5 (August 7, 1974). Thus, plaintiff argues, because she did not apply formally for benefits until 1985, at which time interim benefits ceased and SSI payments commenced, the version of the statute in effect at that time precludes reimbursement to the MC DSS for HRP benefits paid to her from 1978 until 1985.

Section 1383(g) was amended, however, in 1987, to reflect that a state or local government could be reimbursed out of back SSI benefits for interim assistance benefits which were provided during a period either beginning with the month in which a claimant applies for SSI or "during the period beginning with the first month for which the individual's benefits ... have been terminated or suspended if the individual was subsequently found to have been eligible for such benefits." 42 U.S.C.A. § 1383(g)(3) (West 1992). Under the statute as amended, effective January 1, 1989, a state or local government may seek reimbursement from SSI not only in the case of payments made to an applicant awaiting a determination of initial eligibility, but also in cases where such benefits are provided to individuals like the plaintiff, whose SSI benefits have been reinstated after an initial termination. *See* H.R.Conf.Rep. No. 495, 100th Cong., 1st Sess. 827, *reprinted in* 1987 U.S.C.C.A.N. 2313–1, 2313–1573.

Plaintiff's counsel argues that to apply to plaintiff's case § 1383(g) as amended would constitute an impermissible retroactive application of law, because plaintiff received interim benefits and signed authorizations prior to January 1, 1989, the effective date of the amended statute. This argument is premised, however, on an incorrect view of the prospective application of law, and is wrong.

The courts continue to discuss whether, and under what circumstances, a statute may be applied to conduct occurring before the statute's effective date. *See, e.g., Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 110 S.Ct. 1570, 1576–77, 1580–1587, 108 L.Ed.2d 842 (1990), and cases cited therein. In this case, however, the conduct which plaintiff alleges as a violation of § 1383(g)—the reimbursement to the MC DSS out of plaintiff's SSI back payments—occurred in May 1990, after the effective date of the amended § 1383(g). *See also Johnson v. Uncle Ben's, Inc.*, 965 F.2d 1363, 1372 (5th Cir.1992) (In denying retroactive application to Section 101 of the Civil Rights Act of 1991, the court found that under the general presumption against retroactive application of substantive laws, an amended statute should not be applied

to cases which were filed before its enactment and which arose out of conduct occurring before its enactment.)

Plaintiff's claim must be determined in light of § 1383(g) as amended in 1987 and, as amended, the statute clearly permits the reimbursement to a state or local welfare agency for interim assistance rendered to an indigent disabled person during a period between an initial termination and a subsequent reinstatement. 42 U.S.C. § 1383(g)(2), (3). The statute having provided authority for MC DSS to retain $23,-000 of plaintiff's SSI back payments, I find as a matter of law that such action does not constitute a violation of plaintiff's civil rights under § 1983.

Defendants have raised a number of defenses which, if dispositive, could have precluded this Court from reaching the merits of plaintiff's claim, that is, defenses of immunity, the Eleventh Amendment, and statutes of limitations. If I were not disposing of this case on its substantive merits, I would find that a number of the defenses raised by the defendants would, at the least, preclude judgment for the plaintiff. I would find the State defendant, whose sole alleged basis of liability is his determination in the fair hearing afforded to plaintiff, absolutely immune from suit as a function of the absolute immunity accorded to executive officers engaged in adjudicative functions. *Butz v. Economou,* 438 U.S. 478, 508–12, 98 S.Ct. 2894, 2911–13, 57 L.Ed.2d 895 (1978); *see Harlow v. Fitzgerald,* 457 U.S. 800, 806, 102 S.Ct. 2727, 2732, 73 L.Ed.2d 396 (1982). Notwithstanding *Holley v. Lavine,* 605 F.2d 638 (2d Cir. 1979), *cert. denied sub nom Blum v. Holley,* 446 U.S. 913, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980), in which the Second Circuit determined that a county DSS did not constitute "an arm of the state" for purposes of the Eleventh Amendment, I could not find as a matter of law that such holding would apply to the law at issue in this case, 42 U.S.C. § 1383, a statute which refers to the state and the county agencies as equivalents/alternatives to one another. Nor could I determine as a matter of law the qualified immunity defense of the director of the county agency. I do not reach the merits of this claim because I

find those defenses without merit; instead, I reach the merits of her claim, and dispose of the case accordingly, because this disposition is both legally correct and eminently fair. Plaintiff has merely repayed what was advanced to her by MC DSS at a time when her need was great.

In opposing the cross-motions, plaintiff's counsel has stated in his papers that plaintiff is legally entitled to the relief she seeks; on oral argument, he stated that her long-term status as a welfare recipient, with the pervasive poverty which attends such status, renders the payment she now seeks her just due rather than a windfall. Such an interpretation would allow a result which clearly does not comport with the applicable law.

WHEREFORE, plaintiff's motion for judgment on the pleadings is denied; defendants' cross-motions for judgment on the pleadings are granted and this case is accordingly dismissed.

ALL OF THE ABOVE IS SO ORDERED.